## James Sullivan v. M. K. Graham.

### Decided February 20, 1909.

**Attachment—Levy—Foreclosure—Title.**

Where a writ of attachment was, on September 13, 1901, levied on all the interest of the defendant debtor in a certain tract of land and it appeared from the evidence that the debtor had no title to said land on that date but afterwards, on December 21, bought and received a deed to the same, and on December 23 sold and conveyed it to a third party, and the judgment foreclosing the attachment lien foreclosed only the interest that the debtor owned in said land on September 13, the levy of the writ being ineffective when made, did not later attach to the title thereafter acquired by the debtor, and the purchaser at said foreclosure sale took no title to the land as against the party to whom the debtor conveyed it after the levy of the attachment.

Appeal from the District Court of Young County. Tried below before Hon. A. H. Carrigan.

*Arnold & Arnold,* for appellant.

*C. W. Johnson* and *Theodore Mack,* for appellee.

DUNKLIN, Associate Justice.—James Sullivan instituted this suit in the form of trespass to try title against M. K. Graham in the District Court of Young County, and from a judgment in favor of the defendant, the plaintiff has appealed. The suit was to recover Texan Emigration & Land Co. survey No. 2396, situated in Young County, but upon the trial, by agreement in writing filed, the plaintiff limited his claim to an undivided one-half interest in that survey. The parties both claimed title from Henry C. Payne as a common source, the plaintiff claiming under a sheriff's deed executed under and by virtue of an order of sale issued on a judgment rendered in the District Court of Clay County, wherein James Sullivan, the purchaser, was plaintiff and said Henry C. Payne was defendant, dated March 1, 1902, and which judgment foreclosed an attachment lien as it existed on September 13, 1901, on all the interest of said Henry C. Payne in survey No. 2396 in Young County, Texas; and appellee claiming title under a deed from Henry C. Payne, dated December 23, 1901, duly recorded December 30, 1901, for a consideration of nine hundred dollars paid Payne by appellee.

The petition filed by plaintiff in the suit in the District Court of Clay County above referred to, alleged that both the plaintiff and defendant therein were nonresidents of the State of Texas, but further alleged that Henry C. Payne owned vast tracts of land in Clay and other counties in Texas, and prayed for the issuance of writs of attachment to be levied thereon, and for foreclosure of any attachment liens that might thereby be created. That suit was filed September 9, 1901, and an attachment writ issued therein was, on September 13, 1901, levied by the sheriff of Young County on all the interest that the said Henry C. Payne owned in survey No. 2396 in Young County, and the judgment rendered in that suit was by default. A certified copy of the sheriff's return endorsed on the writ of attach-

ment showing said levy was filed for record in the attachment record of Young County September 25, 1901.

While in the judgment of foreclosure the only description of the land afterwards sold to James Sullivan by the sheriff under the foreclosure was "Survey No. 2396, situated in Young County, Texas," yet in the order of sale issued thereon and in the deed from the sheriff to Sullivan the land is described as "Texan Emigration & Land Co. survey No. 2396, situated in Young County, Texas." The order of sale was issued September 5, 1905, and sale thereunder to Sullivan was made November 7, 1905, the sheriff's deed reciting that it conveyed to Sullivan all the estate, right, title and interest which Henry C. Payne had on the 18th day of September, 1905, or any time afterwards in and to the land therein described.

There was no other survey numbered 2396 in Young County. At the time of the levy of the suit of attachment Henry C. Payne did not own any interest in the land in controversy. He had owned it previous to that date, but had conveyed it to R. B. Rankin by deed dated November 14, 1896, and duly recorded in Young County, July 26, 1897. But on December 21, 1901, after the levy of the attachment, R. B. Rankin reconveyed the land to Henry C. Payne by deed of that date, which was duly recorded December 30, 1901, and by deed dated December 23, 1901, and recorded December 30, 1901, Henry C. Payne conveyed the land to appellee M. K. Graham for a consideration of nine hundred dollars cash paid by Graham, who had no actual knowledge of the levy of the attachment above mentioned. Each of the deeds above mentioned recited a valuable consideration paid to the vendor and none of them have been attacked by appellant for fraud.

It will be gathered from the foregoing findings that the writ of attachment was levied September 13, 1901, on all the interest that Henry C. Payne owned in survey No. 2396; that at that time Henry C. Payne owned no title in the land in controversy, but that he purchased it December 21, 1901, by deed of that date, and sold it to appellee December 23, 1901, and the judgment foreclosing the attachment lien foreclosed only the interest that Henry C. Payne owned on September 13, 1901, in survey No. 2396, situated in Young County, Texas.

It is unnecessary for us to decide whether or not M. K. Graham is entitled to be protected as an innocent purchaser of the land in controversy, or the further question whether or not the description of the land described in the sheriff's return on the attachment writ and in the judgment of foreclosure as survey No. 2396, in connection with the proof that there was no other survey of that number in Young County, was sufficient to identify the land so described as the land in controversy in this suit; for it is our opinion that the levy of the writ which was ineffective when made did not later attach to the title thereafter acquired by Henry C. Payne and conveyed to appellee. (Drake on Attachments (7th ed.), sec. 234; 3 Amer. & Eng. Ency. Law (2d ed.), pp. 222-223; 4 Cyc., 632, and authorities there cited.)

The judgment of the trial court is therefore affirmed.

*Affirmed,*